Case 5:07-cr-00058-sgw   Document 283   Filed 10/17/08   Page 1 of 16

FILED IN OPEN COURT
DATE 10/17/08
BY O. Thomason
Roanoke DEPUTY CLERK
DIVISION, W.D. of

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Case No. 5:07CR58 |
| | : |
| ROCKY MOUNTAIN CORP., INC. | : |

## PLEA AGREEMENT

I, Kenneth Crawford, President of Rocky Mountain Corporation, Inc. (Rocky Mountain), am legally authorized to act on behalf of Rocky Mountain. Pursuant to a duly executed corporate resolution, a copy of which is attached to this plea agreement, I am legally authorized to enter into this plea agreement on behalf of Rocky Mountain and to have Rocky Mountain enter a guilty plea in this matter.

Rocky Mountain has agreed to enter into a plea agreement with the United States of America, pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A.  CHARGE(S) TO WHICH DEFENDANT IS PLEADING GUILTY AND WAIVER OF RIGHTS

#### 1. The Charges and Potential Punishment

Rocky Mountain's attorney has informed Rocky Mountain of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before Rocky Mountain could be found guilty as charged.

Rocky Mountain will enter a plea of guilty to Count 3 of the Indictment.

Count 3 charges Rocky Mountain with conspiracy to commit money laundering (18 U.S.C. §1957), in violation of 18 U.S.C. § 1956(h). The maximum statutory penalty is a fine of $500,000 or twice the amount of the criminally derived propety.

Rocky Mountain understands restitution may be ordered, assets may be subject to

*Defendant's Initials:* KC

forfeiture, and fees may be imposed. In addition, a $400 special assessment, pursuant to 18 U.S.C. § 3013, will be imposed per felony count of conviction.

Rocky Mountain is pleading guilty as described above because Rocky Mountain is in fact guilty and because it is in Rocky Mountain's best interest to do so and not because of any threats or promises. There has been no promises made whatsoever by any agent or employee of the United States to Rocky Mountain as to what the final disposition of this matter will be.

### 2. Waiver of Constitutional Rights Upon a Plea of Guilty

Rocky Mountain acknowledges that all of Rocky Mountain's rights have been explained and Rocky Mountain expressly recognizes Rocky Mountain has the following constitutional rights and, by voluntarily pleading guilty, Rocky Mountain knowingly waives and gives up these valuable constitutional rights:

a. The right to plead not guilty and persist in that plea;
b. The right to a speedy and public jury trial;
c. The right to assistance of counsel at that trial and in any subsequent appeal;
d. The right to confront and cross-examine witnesses called by the government;
e. The right to present evidence and witnesses in my own behalf;
f. The right to compulsory process of the court;
g. The right to compel the attendance of witnesses at trial;
h. The right to be presumed innocent;
i. The right to a unanimous guilty verdict; and
j. The right to appeal a guilty verdict.

### 3. Dismissal of Counts

If Rocky Mountain complies with its obligations under the plea agreement, the United States will move, at sentencing, that Rocky Mountain be dismissed as a defendant in any remaining count(s). Rocky Mountain stipulates and agrees the United States had probable cause to bring all the counts in the Indictment which are being dismissed under this agreement, these charges were not frivolous, vexatious or in bad faith, and Rocky Mountain is not a "prevailing party" with regard to these charges. Rocky Mountain further waives any claim for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### B. SENTENCING PROVISIONS

#### 1. General Matters

*Defendant's Initials:* KC

Rocky Mountain understands the determination of what sentence should be imposed, within the confines of any applicable statutory minimums and maximums, is in the sole discretion of the Court subject to its consideration of the United States Sentencing Guidelines ("guidelines" or "U.S.S.G") and the factors set forth at 18 U.S.C. § 3553(a). Rocky Mountain understands Rocky Mountain will have an opportunity to review a copy of Rocky Mountain's presentence report in advance of Rocky Mountain's sentencing hearing and may file objections, as appropriate. Rocky Mountain will have an opportunity at its sentencing hearing to present evidence, bring witnesses, cross-examine any witnesses the government calls to testify, and argue to the Court what an appropriate sentence should be.

Rocky Mountain understands the Court is not bound by any recommendation or stipulation and may sentence Rocky Mountain up to the statutory maximum. Rocky Mountain understands Rocky Mountain will not be allowed to withdraw Rocky Mountain's plea of guilty if the Court disregards the stipulations and/or recommendations set forth in the plea agreement. Rocky Mountain understands the government will object to any sentence below the guideline range.

## 2. Sentencing Guidelines

Rocky Mountain stipulates and agrees that all matters pertaining to any of the counts of the charging document(s), including any dismissed counts, is relevant conduct for purposes of sentencing.

Rocky Mountain understands guideline sections may be applicable to Rocky Mountain's case and the United States and Rocky Mountain will be free to argue whether these sections should or should not apply; to the extent the arguments are not inconsistent with the stipulations, recommendations and terms set forth in this plea agreement.

## 3. Monetary Obligations

### a. Special Assessments, Fines and Restitution

Rocky Mountain understands corporations convicted of crimes are required to pay a mandatory assessment of $400.00 per felony count of conviction. Rocky Mountain agrees Rocky Mountain will submit to the U.S. Clerk's Office, a certified check, money order, or attorney's trust check, made payable to the "Clerk, U.S. District Court" for the total amount due for mandatory assessments prior to entering Rocky Mountain's plea of guilty.

*Defendant's Initials:* KG

Rocky Mountain agrees to pay restitution for all matters included as relevant conduct. In addition, Rocky Mountain agrees to pay any restitution due pursuant to 18 U.S.C. §§ 3663 and/or 3663A. Rocky Mountain understands it is a requirement that restitution for all of the above-stated matters will be imposed upon Rocky Mountain as part of any final judgment in this matter.

Rocky Mountain further agrees to make good faith efforts toward payment of all mandatory assessments, restitution and fines, with whatever means Rocky Mountain has at its disposal. Rocky Mountain agrees failure to do so will constitute a violation of this agreement. Rocky Mountain will execute any documents necessary to release the funds Rocky Mountain has in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward the mandatory assessments, restitution and fines imposed in my case.

Rocky Mountain fully understands restitution and forfeiture are separate financial obligations which may be imposed upon a criminal defendant. Rocky Mountain further understands there is a process within the Department of Justice whereby, in certain circumstances, forfeited funds may be applied to restitution obligations. Rocky Mountain understands no one has made any promises to Rocky Mountain that such a process will result in a decrease in Rocky Mountain's restitution obligations in this case.

Rocky Mountain understands and agrees, pursuant to 18 U.S.C. §§ 3613 and 3664(m), whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for by statute. Rocky Mountain understands if the Court imposes a schedule of payments, that schedule is only a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Rocky Mountain agrees any payments made by Rocky Mountain shall be applied fully to the non-joint and several portion of my outstanding restitution balance until the non-joint and several portion of restitution is paid in full, unless the Court determines that to do so would cause a hardship to a victim of the offense(s).

### b. Duty to Make Financial Disclosures

Rocky Mountain understands in this case there is a possibility substantial fines and/or restitution may be imposed. In order to assist the United States as to any recommendation and in any necessary collection of those sums, Rocky Mountain agrees, if requested by the United States, to provide a complete and truthful financial statement to the United States Attorney's Office, within 30 days of the request or 3 days prior to

*Defendant's Initials:* KC

sentencing, whichever is earlier, detailing all income, expenditures, assets, liabilities, gifts and conveyances by Rocky Mountain or other entity in which it held or has held an interest, for the period starting on January 1st of the year prior to the year the offense began and continuing through the date of the statement. This financial statement shall be submitted in a form acceptable to the United States Attorney's office.

From the time of the signing of this agreement or the date of the financial statement, whichever is earlier, Rocky Mountain agrees not to convey anything of value to any person without the authorization of the United States Attorney's Office.

### c. Understanding of Collection Matters

Rocky Mountain understands:

1. as part of the judgment in this case Rocky Mountain will be ordered to pay one or more monetary obligations;
2. payment should be made as ordered by the Court;
3. Rocky Mountain must mail payments, by cashier's check or money order, payable to the "Clerk, U.S. District Court" to: Post Office Box 1234, Roanoke, VA 24006-1234; and include the court number on the check or money order;
4. interest (unless waived by the Court) and penalties must be imposed for late or missed payments;
5. the United States may file liens on Rocky Mountain's assets that will remain in place until monetary obligations are paid in full, or until liens expire (the later of 20 years from date of sentencing or release from incarceration);
6. if Rocky Mountain retains counsel to represent it regarding the United States' efforts to collect any of Rocky Mountain's monetary obligations, Rocky Mountain will immediately notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my legal representation; and
7. Rocky Mountain, or its attorney if an attorney will represent Rocky Mountain regarding collection of monetary obligations, can contact the U.S. Attorney's Office's Financial Litigation Unit at 540/857-2259.

## C.   FORFEITURE

Rocky Mountain agrees to the forfeiture of the assets set forth in this section on the grounds set forth in the Order of Forfeiture. Rocky Mountain agrees this Order of Forfeiture shall be entered by the Court at the time Rocky Mountain enters its plea. To the extent necessary, Rocky Mountain waives notice of forfeiture as to any asset Rocky

*Defendant's Initials:* KC

Mountain has agreed to forfeit.

Rocky Mountain agrees to a forfeiture monetary judgment in the sum of $2,000,000 (two million dollars). Rocky Mountain understands and agrees that the United States will satisfy this money judgment from the real estate listed as substitute assets in the Second Superseding Indictment. Rocky Mountain agrees not to contest which specific properties the United States seeks as substitute properties in satisfaction of the money judgment. Rocky Mountain understands that until the full two million dollar money judgment is satisfied, that the United States will not release from restraint any of the real estate with the exception of **6821 Rock Bar Road, Elkton, Virginia**, and **3556 Barbershop Lane, Elkton, Virginia** as specified below.

The additional assets to be forfeited are as follows:

**(a)** **United States Currency and/or Accounts**

**(1)** Approximately $1,438.49 in U.S. Currency seized from one financial account held in the name of Joyce Crawford at Bank of America, Account # 04123989279.

**(2)** Approximately $13,329.87 in U.S. Currency seized from one financial account held in the name of Joyce Crawford, d/b/a Odell's Grocery, at Bank of America, Account # 004113065679.

**(3)** Approximately $10,925.38 in U.S. Currency seized from one financial account held in the name of Rocky Mountain Corp., Inc., and Joyce M. Crawford as signator, at Banking Bank & Trust Company, Account No. 0005137937672.

**(4)** Approximately $46,938.22 in U.S. currency seized from one financial account held in the name of Rocky Hill Corporation, Joyce M. Crawford signator, at Farmers & Merchants Bank, Account No. 202606046

**(5)** Approximately $30,037.00 in U.S. Currency seized from 6821 Rocky Bar Road, Elkton, Virginia.

**(6)** A quantity of approximately 5040 in collectible coins and bills seized from 149 Spotswood Avenue, Elkton, Virginia (O'Dell's Convenience Store).

**(b)** **Firearms**

**Firearms Seized from Rocky Bar Road, Elkton**

*Defendant's Initials:* KC

Case 5:07-cr-00058-sgw   Document 283   Filed 10/17/08   Page 7 of 16

(1) Davis Industries derringer, Model D25, 25 caliber, SN 502735
(2) Excam pistol, Model GT27, 25 caliber, SN MI36366
(3) Harrington & Richardson pistol, Model 732, 32 caliber, SN AP22225
(4) Haskell pistol, Model JHP45, 45 caliber, SN X406771
(5) HiPoint pistol, Model C , 9 caliber, SN 810351
(6) HiPoint pistol, Model C9, 9 caliber, SN P160554
(7) J.P. Sauer & Sohn pistol, 22 caliber, SN 183028
(8) Marlin Firearms Co. Rifle, Model 25, 22 caliber, SN 17670435
(9) Marlin Firearms Co. rifle, Model 60, 22 caliber, SN 13337789
(10) Marlin Firearms Co shotgun, Model 200, 410 caliber, SN KN110809
(11) North American Arms pistol, Model NAA22, 22 caliber, SN L020109
(12) North American Arms pistol, Model NAA22, 22 caliber, SN R9583
(13) RG Industries pistol, Model RG23, 22 caliber, SN 281488
(14) Smith & Wesson pistol, 38 caliber, SN 781J13
(15) Smith & Wesson pistol, 38 caliber, SN 4D18667
(16) Unknown pistol, 22 caliber, SN W49154 (in pieces)
(17) Unknown pistol, 38 caliber, SN ZE3830
(18) Unknown, 410 caliber, SN 11202

**Firearms seized from 149 Spotswood Avenue**
(19) Bryco Arms pistol, Model 59, 380 caliber, SN 825741
(20) Colt pistol, Model Anaconda, 44 caliber, SN MM72642
(21) Colt pistol, Model MK IV Mustang, 380 caliber, SN MS04104
(22) Davis Industries pistol, Model D38, 38 caliber, SN D059935
(23) Israel Weapon Ind pistol, Model, Desert Eagle 357 caliber, SN 12687
(24) Ruger pistol, Model Mark II, 22 caliber, SN 214-29933
(25) Ruger pistol, Model Redhawk, 44 caliber, SN 502-55866
(26) Phoenix Arms Co. pistol, Model HP22, 22 caliber, SN 4017335
(27) Smith & Wesson pistol, Model 10, 38 caliber, SN C984239
(28) Smith & Wesson pistol, Model 4516 , 45 caliber, SN TED4021
(29) Thompson/Center Arms pistol, 357 caliber, SN 106078
(30) Winchester, pistol, 22 caliber (altered stock)
(31) Weihrauch, Hermann pistol, Model ARM357, 357 caliber, SN S3415
(32) Weihrauch, Hermann pistol, Model HW7, 22 caliber, SN 1297514

(c) **Real Property**

(1) (6821 Rock Bar Road, Elkton, Virginia to be dismissed and released)

(2) (3556 Barbershop Lane, Elkton, Virginia to be dismissed and released)

*Defendant's Initials:* KC

Page 7 of 15

(3) Tax Map No. 143B-(A)-Lot 45
    6751 S. Eastside Highway
    **Titled Owner: Joyce M. Crawford**

    **Being** the same property conveyed to Joyce M. Crawford by Deed dated May 8, 1996, from Odell V. Crawford and Joyce M. Crawford, husband and wife. Said Deed is recorded in the Circuit Court Clerk's Office of Rockingham County, Virginia, in Deed Book 1417, Page 643.

(4) Tax Map No. 143B-(A)-Lot 48
    7301 Rocky Bar Road
    **Titled Owner: Joyce M. Crawford**

    **Being** the same property conveyed to Joyce M. Crawford by Deed dated May 8, 1996, recorded in the Rockingham County Clerk's Office in Deed Book 1417, Page 643.

(5) Tax Map No. 131B1-(1)-B 22 Lots 3, 4, 5
    436 West Spotswood Trail
    **Titled Owners: Joyce M. Crawford and Kenneth O. Crawford**

    **Being** the same property conveyed to Joyce M. Crawford and Kenneth O. Crawford by Deed dated February 14, 1990, from Donald B. Myers and Carolyn L. Myers. Said Deed is recorded in the Circuit Court Clerk's Office of Rockingham County, Virginia, in Deed Book 1001, Page 579

(6) Tax Map No. 131B1-(8)-Lot 1
    149 West Spotswood Avenue
    **Titled Owner: Rocky Mountain Corporation, Inc.**

    **Being** the same property conveyed to Rocky Mountain Corporation, Inc. from Joyce M. Crawford and Kenneth O. Crawford by deed dated October 9, 2002. Said Deed is recorded in Circuit Court Clerk's Office of Rockingham County, Virginia in Deed Book 2322, Page 683.

*Defendant's Initials:* KC

(7)  Tax Map No. 131B1-(1)-B 18 Lot 1
     446 Wirt Avenue
     **Titled Owner: Rocky Mountain Corporation**

   **Being** the same property conveyed to Rocky Mountain
   Corporation from Mildred A. Lam by deed dated December 5,
   2001. Said Deed is recorded in the Circuit Court Clerk's Office of
   Rockingham County, Virginia in Deed Book 2005, Page 498.

(8)  Tax Map No. 131B4-(3)-B 2 Lot 3
     16840 East Washington Avenue
     **Titled Owner: Rocky Mountain Corporation, Inc.**

   **Being** the same property conveyed to Rocky Mountain
   Corporation, Inc., by Deed dated April 7, 1993, from Lonnie W.
   Knight and Mary E. Knight. Said Deed is recorded in the Circuit
   Court Clerk's Office of Rockingham County, Virginia, in Deed
   Book 1192, Page 342.

(9)  Tax Map No. 155-(A)-Lot 8
     50.8280 acres
     **Titled Owner: Rocky Mountain Corp.**

   **Being** the same property conveyed to Rocky Mountain Corp. from
   Emily Sipe Clark by deed dated May 8, 2003, which deed is
   recorded in Circuit Court Clerk's Office of Rockingham County,
   Virginia in Deed Book 2281, Page 628.

(10) Tax Map No. 131B2-(1)-B62 Lot 1
     116 Lewis Avenue
     **Titled Owner: Rocky Mountain Corp.**

   **Being** the same property conveyed to Rocky Mountain Corp, Inc.
   from Samuel I White, P.C. and Shellana L. Bruce by deed dated
   July 1, 2003, which deed is recorded in Circuit Court Clerk's
   Office of Rockingham County, Virginia in Deed Book 2322, Page
   656.

*Defendant's Initials:* KC

(11) Tax Map No. 131B1-(1)-B16 Lots 1 & 2
    634 Wirt Avenue
    **Titled Owner: Rocky Mountain Corp.**

    **Being** the same property conveyed to Rocky Mountain
    Corporation, Inc. and Kenneth Crawford from Thomas J. Wilson,
    IV and Danita S. Alt by deed dated August 6, 2003, which deed is
    recorded in Circuit Court Clerk's Office of Rockingham County,
    Virginia in Deed Book 2331, Page 151.

The United States agrees to dismiss from the indictment, and/or release from seizure or restraint, the following assets:

(1) Tax Map No. 143-(A)-Lot 39A
    6821 Rock Bar Road, Elkton, Virginia
    **Titled Owner: Joyce M. Crawford**

    **Being** the same property conveyed to Joyce M. Crawford from O'Dell V.
    Crawford, with the right of survivorship, by Quitclaim Deed dated May 8, 1996,
    from O'Dell V. Crawford, which deed is recorded in Circuit Court Clerk's Office
    of Rockingham County, Virginia in Deed Book 1835, Page 065.

(2) Tax Map No. 143-(A)-Lot 44
    3556 Barbershop Lane
    **Titled Owner: Joyce M. Crawford**

    **Being** the same property conveyed to Joyce M. Crawford by Deed dated
    May 8, 1996, from Odell V. Crawford and Joyce M. Crawford, husband
    and wife. Said Deed is recorded in the Circuit Court Clerk's Office of
    Rockingham County, Virginia, in Deed Book 1417, Page 0643.

Rocky Mountain agrees to cooperate fully in the forfeiture of the property to be forfeited. If applicable, Rocky Mountain agrees to withdraw any existing claims and/or agrees not to file any claims in any administrative or civil forfeiture proceeding relating to assets seized as part of this investigation and not otherwise named herein. Rocky Mountain agrees to execute all documents, stipulations, consent judgments, court orders, bills of sale, deeds, affidavits of title, and the like, which are reasonably necessary to pass clear title to the United States or otherwise effectuate forfeiture of the property. Rocky Mountain further agrees to fully cooperate and testify truthfully on behalf of the United States in any legal action necessary to perfect the United States' interest, including but not limited to any ancillary hearing in this criminal action or in any civil litigation.

*Defendant's Initials:* KC

Rocky Mountain further agrees to assist in identifying, locating, returning, and forfeiting all forfeitable assets, including the known assets of other persons.

Rocky Mountain understands and agrees that forfeiture of this property is proportionate to the degree and nature of the offense committed by Rocky Mountain, and does not raise any of the concerns raised in United States v. Austin, 113 S. Ct. 2801 (1993). To the extent such concerns are raised, Rocky Mountain freely and knowingly waive any and all right Rocky Mountain may have to raise a defense of "excessive fines" under the Eighth Amendment to this forfeiture. Rocky Mountain further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any penalty that may be imposed by the Court.

### D. ADDITIONAL MATTERS

#### 1. Waiver of Right to Appeal

Knowing that Rocky Mountain has a right of direct appeal of its sentence under 18 U.S.C. § 3742(a) and the grounds listed therein, Rocky Mountain expressly waives the right to appeal its sentence on those grounds or on any ground. In addition, Rocky Mountain hereby waives its right of appeal as to any and all issues in this matter and agree Rocky Mountain will not file a notice of appeal. Rocky Mountain is knowingly and voluntarily waiving any right to appeal. By executing this agreement, Rocky Mountain is explicitly and irrevocably directing its attorney not to file a notice of appeal. Rocky Mountain understands the United States expressly reserves all of its rights to appeal. **Rocky Mountain agrees and understands if Rocky Mountain files any court document (including, but not limited to, a notice of appeal) seeking to disturb, in any way, any order imposed in this matter, such action shall constitute a failure to comply with a provision of this agreement.**

#### 2. Waiver of Right to Collaterally Attack

Rocky Mountain waives any right Rocky Mountain may have to collaterally attack, in any future proceeding, any order issued in this matter and agrees Rocky Mountain will not file any document which seeks to disturb any such order. **Rocky Mountain agrees and understands if Rocky Mountain files any court document seeking to disturb, in any way, any order imposed in its case, such action shall constitute a failure to comply with a provision of this agreement.**

#### 3. Information Access Waiver

*Defendant's Initials:* KC

Rocky Mountain knowingly and voluntarily agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. §552, or the Privacy Act of 1974, 5 U.S.C. §552a.

### 4. Agreement Contingent on Guilty Pleas Entered by All Co-Defendants

Rocky Mountain understands the United States entered into this agreement, in part, because of the expense the government was saved by not proceeding to trial. Rocky Mountain understands if any defendant in this case does not enter a guilty plea as agreed to in his or her plea agreement, the United States may declare the plea agreement void. Rocky Mountain does not have the right to declare the plea agreement void.

### 5. Additional Obligations

Rocky Mountain agrees to cooperate fully with law enforcement agents.

### E. REMEDIES AVAILABLE TO THE UNITED STATES

Rocky Mountain hereby stipulates and agrees that the United States Attorney's office may, at its election, pursue any or all of the following remedies if Rocky Mountain fails to comply with any provision of this agreement: (a) declare this plea agreement void; (b) refuse to dismiss any charges; (c) reinstate any dismissed charges; (d) file new charges; (e) withdraw any substantial assistance motion made, regardless of whether substantial assistance has been performed; (f) refuse to abide by any provision, stipulations, and/or recommendations contained in this plea agreement; or (g) take any other action provided for under this agreement or by statute, regulation or court rule.

In addition, Rocky Mountain agrees if, for any reason, its conviction is set aside, or Rocky Mountain fails to comply with any obligation under the plea agreement, the United States may file, by indictment or information, any charges against Rocky Mountain which were filed and/or could have been filed concerning the matters involved in the instant investigation. Rocky Mountain also hereby waives any statute of limitations defense as to any such charges.

The remedies set forth above are cumulative and not mutually exclusive. The United States' election of any of these remedies, other than declaring this plea agreement void, does not, in any way, terminate my obligation to comply with the terms of the plea agreement. The use of "if" in this section does not mean "if, and only if."

*Defendant's Initials:* KC

## F. GENERAL PROVISIONS

### 1. Limitation of Agreement

This agreement only binds the United States Attorney's Office for the Western District of Virginia. It does not bind any state or local prosecutor, other United States Attorney's Office or other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, or the Internal Revenue Service of the United States Department of the Treasury. These individuals and agencies remain free to prosecute Rocky Mountain for any offense(s) committed within their respective jurisdictions.

### 2. Effect of Signature

Rocky Mountain understands the signature of its representative, Kenneth Crawford, on this agreement constitutes a binding offer by Rocky Mountain to enter into this agreement. Rocky Mountain understands the United States has not accepted Rocky Mountain's offer until it signs the agreement.

### 3. Effective Representation

Rocky Mountain has discussed the terms of the foregoing plea agreement and all matters pertaining to the charges against Rocky Mountain with its attorney and Rocky Mountain is fully satisfied with its attorney and its attorney's advice. At this time, Rocky Mountain has no dissatisfaction or complaint with its attorney's representation. Rocky Mountain agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint Rocky Mountain may have with its attorney's representation.

### 4. Final Matters

Rocky Mountain understands the Court is not bound by any recommendations or stipulations contained in this agreement and may sentence Rocky Mountain up to the maximum provided by law.

Rocky Mountain understands if the sentence is more severe than Rocky Mountain expected, Rocky Mountain will have no right to withdraw its guilty plea.

Rocky Mountain understands a thorough presentence investigation will be conducted and sentencing recommendations independent of the United States Attorney's Office will be made by the presentence preparer, which the Court may adopt or take into

*Defendant's Initials:* KC

consideration. Rocky Mountain understands any calculation regarding the guidelines by the United States Attorney's Office or by Rocky Mountain's attorney is speculative and is not binding upon the Court, the Probation Office or the United States Attorney's Office. No guarantee has been made by the United States Attorney's Office regarding the effect of the guidelines on my case.

Rocky Mountain understands the prosecution will be free to allocute or describe the nature of this offense and the evidence in this case and, in all likelihood, will recommend Rocky Mountain receive a substantial sentence.

Rocky Mountain understands the United States retains the right, notwithstanding any provision in this plea agreement, to inform the Probation Office and the Court of all relevant facts, to address the Court with respect to the nature and seriousness of the offense(s), to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report and to respond to any statements made to the Court by or on behalf of the defendant.

Rocky Mountain willingly stipulates there is a sufficient factual basis to support each and every material factual allegation contained within the charging document(s) to which Rocky Mountain is pleading guilty.

Rocky Mountain understands this agreement does not apply to any crimes or charges not addressed in this agreement.

Rocky Mountain understands its attorney will be free to argue any mitigating factors on its behalf; to the extent they are not inconsistent with the terms of this agreement. Rocky Mountain understands it will have an opportunity to personally address the Court prior to sentence being imposed.

This writing sets forth the entire understanding between the parties and constitutes the complete plea agreement between the United States Attorney for the Western District of Virginia and Rocky Mountain, and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. This plea agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between the United States and Rocky Mountain.

Rocky Mountain has consulted with its attorney and fully understands all its rights. Rocky Mountain has reviewed every part of it with its attorney. Rocky Mountain understands this agreement and Rocky Mountain voluntarily agrees to it. Rocky Mountain has not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for its plea of guilty. Being aware of

*Defendant's Initials:* KC

all of the possible consequences of its plea, Rocky Mountain has independently decided to enter this plea, and is affirming that agreement on this date by the signature of its representative below.

Date: 10-16-08

_Kenneth Crawford_
**Kenneth Crawford, President**
**Rocky Mountain Corporation, Inc.,**

I have fully explained all rights available to my client with respect to the offenses listed in the pending charging document(s). I have carefully reviewed every part of this plea agreement with my client. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

If I will continue to represent my client regarding the United States' efforts to collect any monetary obligations, I will notify the United States Attorney's Office, ATTN: Financial Litigation Unit, P.O. Box 1709, Roanoke, Virginia 24008-1709, in writing, of the fact of my continued legal representation within 10 days of the entry of judgment in this case.

Date: 10/17/08

Gene Hart, Esq.
**Counsel for Defendant**

Date: 10-17-08

Jeb Terrien
**Assistant United States Attorney**
**Virginia State Bar No. 41959**

*Defendant's Initials:* KC

CAME THIS 17th day of October, 2008, the shareholders of Rocky Mountain Corporation, Inc. to conduct a special shareholders' meeting to approve and authorize certain actions taken and to be taken by its president, officers, and agents.

Therefore, being the sole shareholders of Rocky Mountain Corporation, Inc., Joyce Marie Crawford (owner of 50% of the shares of Rocky Mountain Corporation, Inc.) and Kenneth Odell Crawford (owner of 50% of the shares of Rocky Mountain Corporation, Inc.), after meeting and consideration, approve and authorize the following actions:

(1) Kenneth Odell Crawford as President of Rocky Mountain Corporation, Inc. shall and shall be allowed to enter into any plea agreement or agreed disposition with the United States government in Criminal Action 5:07CR58 as he may deem appropriate and in the best interests of the corporation.

(2) Kenneth Odell Crawford as President of Rocky Mountain Corporation, Inc. shall and shall be allowed to direct each and every action of A. Gene Hart, Jr., attorney for Rocky Mountain Corporation, Inc. with regard to Criminal Action 5:07CR58,to include without limitation directing that the attorney endorse any plea agreement or agreed disposition with the United States government in Criminal Action 5:07CR58.

_____
Joyce Marie Crawford
Shareholder

10/17/08

_____
Kenneth Odell Crawford
Shareholder

10-17-08